**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

                                                                    **10-CR-306S**

          **v.**

**SHAWN POUND**

                    **Defendant.**
_____

<u>**DECISION AND ORDER**</u>

          This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #13.


          The defendant, Shawn Pound, is charged in a multi-count indictment with

distribution, receipt and possession of child pornography, in violation of 18 U.S.C.

§ 2252A(a)(5)(B).  Dkt. #27.  He also faces a forfeiture charge.  Dkt. #27.


          Defendant filed an omnibus motion seeking discovery as well as

suppression of evidence seized pursuant to a search warrant issued by the undersigned.

Dkt. #25.  The suppression motion will be addressed in a separate Report,

Recommendation and Order.


          The government has filed its response to the foregoing motions.  Dkt.

##26 & 29.

**Disclosure of Government Informants**

The defendant seeks the name, address and criminal record of any informant utilized by the government in its investigation of this case on the ground that much of the government's evidence in this case appears to be based upon information provided by informants or cooperators.  Dkt. #25, p.4.  The defendant also seeks information regarding any informant's potential bias, consideration, prior testimony, psychiatric and/or drug history and consideration by the government, as well as disclosure of law enforcement's file on an informant.  Dkt. #25, p.5.

The government responds that no government informants were utilized during the investigation of the defendant.  Dkt. #26, p.6.  Therefore, this aspect of defendant's motion is denied as moot.

**Rule 16 Discovery**

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the defendant seeks notice of the government's intent to use, as evidence-in-chief at trial, any evidence that the defendant may be entitled to discover pursuant to Rule 16.  Dkt. #25, p.6.

The government responds that it has satisfied the requirements of Rule 16 of the Federal Rules of Criminal Procedure and exceeded its scope by virtue of its voluntary production of discovery.  Dkt. #26, p.6.  As a result of these representations by counsel for the government, the defendant's request for Rule 16(a)(1) materials is denied on the basis that it is moot.

## Brady Material

The defendant seeks disclosure of all potentially favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).  Dkt. #25, p.13.

The government responds that the defendant's definition of information subject to disclosure pursuant to *Brady* is overbroad, but represents that it has disclosed all material encompassed by *Brady/Giglio* that is currently in its possession and acknowledges its duty to provide any further information it may obtain.  Dkt. #26, p.8.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id.* at 144.  Therefore, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa* and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007), by making timely disclosure of *Brady* and *Giglio* materials to the defendant.

## Rules 404(b), 608 & 609  of the Federal Rules of Evidence

The defendant seeks disclosure of any evidence to be offered by the prosecution at trial pursuant to Rule 404 (b) of the Federal Rules of Evidence and for

pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility should he chose to testify, as well as disclosure of all information pertaining to character and/or conduct which may be used to impeach any witness the government intends to call at trial.  Dkt. #25, pp.17-18.

The government responds that it will disclose evidence in its possession which might fall within the ambit of Rule 404(b) and provide notice of its intention to rely upon such evidence no later than the deadline set by the trial court.  Dkt. #26, p.9.  The government notes that it has no obligation to provide a defendant with any information that could be used to impeach him pursuant to Rule 608, but agrees to disclose evidence in its possession which might fall within the ambit of Rule 608 and 609 of the Federal Rules of Evidence at the time it is ordered to do so by the trial court. Dkt. #25, p.9.

Federal Rule of Evidence 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added).  Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot.  The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 608 of the Federal Rules of Evidence, the Court notes that Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government that it will disclose such evidence, defendant's request is denied as moot.

**Disclosure of Witness Statements**

The defendant seeks advance disclosure of witness statements encompassed by 18 U.S.C. § 3500 ("Jencks Act").  Dkt. #25, p.18.

The prosecution is not required to disclose and turn over *Jencks* statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Preservation of Agent Notes**

The defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough or handwritten notes taken as part of their investigation.  Dkt. #25, p.20.

The government agrees that it will provide any rough notes of the agents to the defendant.  Dkt. #26, p.10.

Although perhaps unnecessary based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its instruction to the agents to retain and preserve all evidence, including rough notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).  Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

**Counsel Participation in Voir Dire**

The defendant seeks an order allowing active counsel participation in *voir dire* during jury selection.  Dkt. #25, p.20.

Conducting *voir dire* of prospective jurors is a matter normally performed by the trial judge to whom the case has been assigned.  However, pursuant to Rule 24(a) Federal Rules of Criminal Procedure, the trial judge has discretion to allow participation in the *voir dire* process by counsel for the parties in a manner designated by said trial judge.  Therefore, defendant's request is denied by this Court without prejudice, and it may be renewed by counsel before the trial judge.

**Pre-Trial Production of Government Summaries**

The defendant seeks an order permitting inspection of summaries the government intends to use at trial pursuant to Rule 1006 of the Federal Rules of Evidence, and the original books, records or documents that serve as the basis for any such summaries.  Dkt. #25, p.21.  The defendant also seeks pre-trial examination of all non-Rule 1006 visual aids that the government intends to use at trial.  Dkt. #25, p.22.

The government agrees to allow the defendant to inspect any summary documents intended to be used by the government at trial at a reasonable time prior to trial.  Dkt. #26, p.10.

Rule 1006 of the Federal Rules of Evidence does not provide for production of such "summaries" within an express time period; nor do any of the Rules of Criminal Procedure create such a requirement. This is an issue that is best left for resolution by the trial judge to whom this case has been assigned, and it can be discussed at the appropriate pre-trial scheduling conference with said trial judge.

## Voir Dire Government Experts

The defendant seeks an order, in accordance with Rule 104 of the Federal Rules of Evidence, allowing him to voir dire any proposed government experts at trial outside of the presence of the jury. Dkt. #25, p.22.

This motion is premature and is best left for determination by the trial judge and therefore, said motion is denied with the right of the defendant to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) of the Federal Rules of Evidence.

## Audibility Hearing

The defendant seeks an audibility hearing to determine whether any tapes the government seeks to introduce at trial are audible. Dkt. #25, p.24.

The government responds that it does not intend to introduce any tapes at trial. Therefore, this aspect of defendant's motion is denied as moot.

**Disclosure of Grand Jury Transcripts**

The defendant seeks disclosure, pursuant to Rule 6(e)(3)(C)(I), of transcripts of all testimony and exhibits presented to the grand jury that indicted the defendant. Dkt. #25, p.24.

The government responds that it has already provided as discovery all grand jury transcripts.  Dkt. #26, p.11.  Therefore, this aspect of defendant's motion is denied as moot.

**Exclusion of Post-Arrest Statements of Non-testifying Co-Conspirators**

The defendant asks the Court to bar the admission into evidence of all post-arrest statements by non-testifying co-conspirators.  Dkt. #25, p.25.

The government responds that there are no co-conspirators involved in this case.  Therefore, this aspect of defendant's motion is denied as moot.

**Exclusion of Testimonial Hearsay**

The defendant seeks an order, pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004), barring the government from offering any testimonial hearsay by non-testifying individuals.  Dkt. #25, p.27.

The government responds that it does not intend to offer any testimonial hearsay at trial.  Therefore, this aspect of defendant's motion is denied as moot.

**Leave to Make Further Motions**

The defendant seeks permission to make further and additional motions which may be necessitated by due process of law, by the Court's ruling on the relief sought in this motion, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands.  Dkt. #25, p.31.

This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           July 1, 2011

                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**